**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RANDY ALFREDO LAY PEREZ,

      Petitioner,

v.                                                        Case No. 3:26-cv-1188-WWB-MCR

WARDEN, NORTH FLORIDA DETENTION
CENTER and U.S. ATTORNEY GENERAL,

      Respondents.

_____

**ORDER**

Petitioner is proceeding pro se on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging in part that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("**INA**").[1]  (*See* Doc. 1 at 7).  As relief, he seeks immediate release or a bond hearing.  (*Id.* at 7–8).  The Federal Respondents filed a Response, conceding that the Eleventh Circuit Court of Appeals' "recent decision controls."  (*See* Doc. 4 at 1 (citing *Hernandez Alvarez v. Warden*, --- F. 4th ---, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026))).[2]

In *Hernandez Alvarez*, the Eleventh Circuit held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . . arriving aliens

---

[1] Petitioner also purports to set forth a *Zadvydas* claim.  (*See* Doc. 1 at 4 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001))).  However, he asserts that an immigration judge granted his motion to reopen and stay execution of his removal order, (*id.* at 3), so a *Zadvydas* claim is premature or unavailable.

[2] To preserve his appellate rights, the Warden of Baker Correctional Institution filed a Motion to Dismiss, arguing he should be dismissed from this action as an improper Respondent.  (*See* Doc. 6 at 1 n.1).

seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." 2026 WL 1243395 at *13–14.  The Federal Respondents concede that Petitioner falls into the latter category of aliens and is entitled to a bond hearing.  (*See* Doc. 4 at 2).  As such, considering the opinion in *Hernandez Alvarez* and the Federal Respondents' concession that Petitioner is entitled to a bond hearing, the Court grants Petitioner's claim that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[3]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).  Within **seven days** of the date of this Order, Respondents shall

---

[3] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A).  *See Arellano v. Warden, Baker Corr. Inst.,* No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)).  While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit.  *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent.  The issuance or non-issuance of the mandate does not affect this result.").

either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner.

2.  The Warden's Motion to Dismiss (Doc. 6) is **DENIED**.

3.  The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on May 21, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Counsel of Record

Randy Alfredo Lay Perez
    A208681012
    Baker Correctional Institution
    20706 U.S. Highway 90 West
    Sanderson, FL 32087-2359

3